IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-02120-PAB

DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of the Residential Asset Securitization Trust 2007-A8 Mortgage Pass Through C,

    Plaintiff,

v.

MELVIN WEAVER and
ANY OR ALL OCCUPANTS, 966 19 Road, Fruita, CO 81521 a.k.a. 968 19 Road, Fruit, CO, 81521,

    Defendants.

---

**ORDER**

---

This Court takes up this matter *sua sponte* on the Notice of Removal [Docket No. 1] filed by defendant Melvin Weaver. Mr. Weaver alleges that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.[1] Docket No. 1 at 5.

Plaintiff brought this action for unlawful detainer in the County Court for the County of Mesa, Colorado. Docket No. 1 at 11-12; *see* Colo. Rev. Stat. § 13-40-104(1)(f). Plaintiff seeks to recover possession of the property located at 966 or 968 19 Road in Fruita, Colorado, as well as attendant costs. Docket No. 1 at 12. Mr. Weaver asserts a number of counterclaims against plaintiff, including violations of the Fourteenth Amendment of the United States Constitution, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et*

---

[1] Plaintiff also states that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, but does not allege any facts in support of this assertion. *See* Docket No. 1 at 1.

*seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  Docket No. 1 at 4.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the Court's duty to do so.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter.").  Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin*, 50 F.3d at 873.  Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached.  *See U.S. Fire Ins. Co. v. Pinkard Const. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A case arises under federal law "when the plaintiff's statement of his own cause of action shows that it is based on federal law."  *Devon Energy Prod. Co., L.P. v. Mosaic Potash*

*Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal citations omitted).  Mr. Weaver does not contend that plaintiff's complaint raises a federal question.  However, a plaintiff may not avoid federal jurisdiction by "artfully" invoking only state law when federal questions are "essential" to the asserted claims.  *Id*. at 1203 (internal citations omitted).  Thus, federal courts have jurisdiction over "state-law claim[s] [that] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 321 (2005) (Thomas, J., concurring) (internal citations omitted).  A state law claim does not "necessarily" raise a federal issue where "there is only a possibility that a federal issue might arise."  *Devon Energy*, 693 F.3d at 1211.  Mr. Weaver, however, does not claim that plaintiff's complaint, while making only state law claims, necessarily raises federal issues.

Instead, Mr. Weaver argues that the Court has subject matter jurisdiction based on the federal questions raised by his counterclaims.  Docket No. 1 at 4-5, ¶ 1 ("This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because Defendant [sic] claims arise under the laws of the United States.").  It is well established that federal question jurisdiction arises only on the basis of the allegations in the complaint.  *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("It is the settled interpretation of these words, as used in this statute, conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that

Constitution."); William W. Schwarzer, A. Wallace Tashima, & James M. Wagstaffe, Prac. Guide Fed. Civ. Proc. Before Trial (Nat. Ed.) § 2:732 ("a counterclaim–which appears as part of the defendant's answer, not as part of the plaintiff's complaint–cannot serve as the basis for 'arising under' jurisdiction") (citing *Holmes Group, Inc. v. Vornado Air Circulations Systems, Inc.*, 535 U.S. 826, 830 (2002)). Given that the only federal questions that Mr. Weaver identifies are in his counterclaims, Mr. Weaver has failed to establish a basis for the Court's jurisdiction.

Wherefore, it is

**ORDERED** that this case shall be remanded to the County Court for the County of Mesa, Colorado, where it was filed as Case No. 13C30616.

DATED August 16, 2013.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge